# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOHN P. PARRIS, BAR NO. 7479.

No. 83370

FILED

NOV 05 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY _____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney John P. Parris be suspended for six months and one day based on a violation of RPC 1.4 (communication) and two violations of RPC 1.16 (terminating representation). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Parris committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Parris failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Parris violated the above-referenced rules by failing to communicate with, and terminate

---

[1]Parris initially engaged with the State Bar during the investigative process but then stopped communicating with bar counsel and never filed an answer to the complaint. The complaint was served on Parris through regular and certified mail at his SCR 79 address. Parris then removed his SCR 79 address on the State Bar's website but did not provide a new address. The State Bar unsuccessfully attempted personal service of the notice of intent to take a default on Parris. The State Bar also attempted to locate alternative addresses for Parris but every address the State Bar found was no longer good. Further, the State Bar emailed numerous disciplinary pleadings to Parris, including notice of the hearing.

21-31959

his representation of, a client in a criminal matter, resulting in the court issuing a warrant for the client's arrest, and by failing to terminate his representation of the same client in a child support matter, preventing the client from communicating with the child support office, as the office would only communicate with his counsel.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Parris negligently violated duties owed to his client (communication) and the profession (improper withdrawal of representation). His misconduct harmed his client because a warrant for the client's arrest was issued, which resulted in the client being demoted at work, and because the client was unable to communicate with the child support office. The baseline sanction for Parris' misconduct, before consideration of aggravating or mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 8.2 (Am. Bar Ass'n 2017) (recommending suspension "when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the

(O) 1947A

legal system, or the profession").[2]  The panel found and the record supports two aggravating circumstances (prior discipline and substantial experience in the practice of law) and no mitigating circumstances.  Considering all the factors, we conclude the recommended six-month-and-one-day suspension is appropriate.

Accordingly, we hereby suspend attorney John P. Parris from the practice of law in Nevada for six months and one day from the date of this order.  Parris shall also pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.        _____, J.
Parraguirre                                 Stiglich

_____, J.        _____, J.
Cadish                                         Silver

_____, J.        _____, J.
Pickering                                     Herndon

---

[2]While Standard 7.3 provides that a reprimand is "appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system," we conclude the baseline sanction of suspension under Standard 8.2 applies here. *See* Standards for Imposing Lawyer Sanctions, 452 (providing that "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations").

3

cc: Chair, Southern Nevada Disciplinary Board
John P. Parris
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court